USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _12/28/2023_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMIAN FRANCIS,

                            Plaintiff,

-against-

JOHNSON & JOHNSON,

                            Defendant.

22-cv-03812 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Damian Francis ("Plaintiff") brings this products liability action *pro se* against Defendant Johnson & Johnson ("Defendant") alleging that Plaintiff's use of Defendant's drug Risperidone injuriously caused Plaintiff to experience weight gain and develop gynecomastia resulting in physical and emotional harms. ECF No. 24, Compl. Defendants now move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and on the grounds that Plaintiff's claims are time-barred under New York Law. ECF Nos. 29, 35. After careful review, Defendants' Motion, ECF No. 29, is **GRANTED**. Plaintiff is **GRANTED** leave to amend the Complaint.

## BACKGROUND

### I. Factual Background

The Amended Complaint states that Plaintiff was prescribed and took Risperidone between 2007 and 2009 for treatment of schizophrenia. ECF No. 24 at 6. Plaintiff adds that he experienced significant weight gain and gynecomastia which his physicians later stated were caused by his usage of the medication. *Id.* Plaintiff also stated that he experienced significant emotional harm from being taunted for his sudden onset weight gain and gynecomastia.

1

## II. Procedural History

Plaintiff initially filed this diversity action on August 27, 2021 through the filing of a summons with notice in the Supreme Court of Bronx County. *See Francis v. Johnson & Johnson*, Index No. 4162-2021 (Sup. Ct. Bronx Cnty.); ECF No. 3. Defendants subsequently removed the action to federal court pursuant to Fed. R. Civ. P. 1441 on May 10, 2022. ECF No. 3. On May 11, 2022, Defendant filed a pre-motion conference letter for its first anticipated motion to dismiss which this Court granted. ECF Nos. 4, 14. At the December 20, 2022 conference, Plaintiff was ordered to file an amended complaint. ECF Nos. 15-16. Plaintiff then filed an amended complaint on April 30, 2023. ECF No 24. Defendant moved to dismiss the amended complaint as time barred and for failure to state a claim on June 16, 2023. ECF No. 29. Plaintiff filed an opposition to Defendant's motion to dismiss on October 6, 2023, and Defendant filed a reply to Plaintiff's opposition on October 20, 2023. ECF No. 33, 35.

## STANDARD OF REVIEW

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The Court's function on a motion to dismiss is "not to weigh the evidence that might be

presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotations omitted). In particular, "the pleadings of a *pro se* plaintiff … should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that a *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).

Additionally, New York law sets a three-year time bar for personal injury claims running "from the date of discovery of the injury or from the date when through the exercise of reasonable diligence such injury should have been discovered." *Vuksanovich v. Airbus Americas, Inc.*, 608 F. Supp. 3d 92, 103-04 (S.D.N.Y. 2022); CLPR § 214(5); *see also* CLPR § 214-c(2). The date of discovery in such actions is the date "when plaintiff first noticed symptoms, rather than when a physician first diagnosed those symptoms." *Galletta v. Stryker Corp.*, 283 F. Supp. 2d 914, 917 (S.D.N.Y. 2003).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on" a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "if the defense appears on the face of the complaint." *Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 132 (2d Cir. 2021). A

court may also review whether equitable tolling may be applied where the factual basis for such is apparent from the face of the complaint and other documents properly considered on a motion to dismiss. *See DeSuze v. Ammon*, 990 F.3d 264, 271-272 (2d Cir. 2021); *Koch v. Christie's Intern. PLC*, 699 F.3d 141, 156-57 (2d Cir. 2012).

## DISCUSSION

Liberally construed, Plaintiff's Amended Complaint raises a strict product liability claim against Defendant based upon their failure to adequately warn of the adverse effects that Plaintiff experienced—namely weight gain and gynecomastia. To make out such a claim, Plaintiff must show that "the drug caused [his] injury and that the manufacturer breached a duty to warn of the possibility that the injurious reaction might occur." *Lindsay v. Ortho Pharm Co.*, 637 F.2d 87, 90-91 (2d Cir. 1980). Here, the Amended Complaint appears to allege that Plaintiff took Risperidone between 2007 and 2009 which caused him to suffer weight gain and gynecomastia. The Amended Complaint alleges no facts suggesting that Defendant breached their duty to warn, that the drug Plaintiff took was defective, or that Defendants were negligent. The products liability claim is therefore dismissed.

Additionally, assuming *arguendo*, that Plaintiff discovered his symptoms in 2009, the latest plausible time stated in the Amended Complaint, his claims would be time-barred under CLPR §§ 214(5), 214-c(2) because more than a decade has elapsed before Plaintiff filed the present action. Plaintiff has also pled no facts upon which the doctrine of equitable tolling might apply here.

## CONCLUSION

For the foregoing reasons, the Defendant's motion is **GRANTED.** Plaintiff's complaint is **DISMISSED** without prejudice. Rule 15(a)(2) states "the court should freely give leave when

4

justice so requires." *Id*. The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman*, 371 U.S. at 178). Plaintiff's conclusory statements are insufficient to support the claims, and the factual allegations fail to satisfy the statute of limitations; therefore, the Court will afford Plaintiff the opportunity to amend its Complaint to attempt to cure its deficiencies. The Court hereby **GRANTS** Plaintiff leave to file its First Amended Complaint. Plaintiff is **ORDERED** file the Amended Complaint on or before January 28, 2024:

**SO ORDERED.**

**Dated: December 28, 2023**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**