UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAMIAN FRANCIS,<br><br>                                                          **Plaintiff,**<br>       -against-<br><br>JOHNSON & JOHNSON,<br><br>                                                            **Defendant.** | 22-cv-03812 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Damian Francis brings this products liability action *pro se* against Defendant Johnson & Johnson alleging that Plaintiff's use of Defendant's drug Risperidone injuriously caused Plaintiff to experience weight gain and develop gynecomastia. ECF No. 37; ECF No. 46 (specifying Defendant's Risperidone as the medication Plaintiff used). Defendant now moves for dismissal of Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and on the grounds that Plaintiff's claims are time-barred under New York law. ECF Nos. 41, 47. In addition to his Opposition, Plaintiff filed without leave of Court a vague motion requesting that the Court dismiss Defendant's argument in Defendant's motion to dismiss, but Plaintiff provided no explanation or supporting documents along with the motion. ECF No. 45. After careful review, Defendant's motion, ECF No. 41, is **GRANTED** without prejudice and Plaintiff's motion, ECF No. 45, is **DENIED**. In light of the new allegations raised in his Opposition, Plaintiff is granted leave to amend his complaint one final time.

BACKGROUND

    **I.**    **Factual Background**

Plaintiff's Second Amended Complaint states that Plaintiff took Risperidone sometime around 2009. ECF No. 37 at 5; *see also* ECF No. 46 at 2–3 (specifying Defendant's Risperidone as the medication Plaintiff used). Plaintiff contends that he experienced weight gain and gynecomastia caused by Plaintiff's use of the medication. ECF No. 37 at 5; ECF No. 37-2 at 3. Plaintiff also references surgery and therapy treatment in connection with the action but does not specify when or whether Plaintiff received any treatments. ECF No. 37 at 6. Plaintiff adds that he was not told that Risperidone would lead to gynecomastia.[1] ECF No. 37-1 at 1.

## II.   Procedural History

Plaintiff initiated this diversity action on August 27, 2021 by filing a summons with notice in the Supreme Court of Bronx County. *See Francis v. Johnson & Johnson*, Index No. 4162-2021 (Sup. Ct. Bronx Cnty.); ECF No. 3. On May 10, 2022, Defendant subsequently removed the action to federal court pursuant to 28 U.S.C. § 1441. ECF No. 3. On May 11, 2022, Defendant filed a letter requesting a pre-motion conference letter in connection with its first anticipated motion to dismiss and the Court granted leave to file the motion. ECF Nos. 4, 14. At the December 20, 2022 conference, Plaintiff was ordered to file an Amended Complaint. ECF Nos. 15–16. On April 30, 2023, Plaintiff filed an Amended Complaint. ECF No. 24. On June 16, 2023, Defendant moved to dismiss the Amended Complaint as time-barred and for failure to state a claim. ECF No. 29. On October 6, 2023, Plaintiff filed an Opposition to Defendant's motion to dismiss. ECF No. 33. On October 20, 2023, Defendant filed a Reply to Plaintiff's Opposition. ECF No. 35. On December 28, 2023, the Court dismissed Plaintiff's Amended Complaint without prejudice and

---

[1] Plaintiff introduces new allegations in his Opposition, stating generally that Defendant aggressively marketed Risperidone and minimized the seriousness of the drug's side effects. ECF No. 46 at 2–3. Because Plaintiff raises these claims for the first time in his opposition and has not sought leave to add any additional claims, the Court declines to consider these claims in this Order and Opinion. *See Fitzsimons v. New York City District Council of Carpenters*, No. 23-cv-815, 2024 WL 221550, at *2 (2d Cir. Jan. 22, 2024) (concluding that "the district court [may] decline to consider . . . [allegations] raised [ ] for the first time in [ ] opposition to Defendants' motion to dismiss. 'Ordinarily, parties may not amend the pleadings through motion papers.'")

granted him leave to file a Second Amended Complaint on or before January 28, 2024. ECF No. 36.

On February 5, 2024, Plaintiff filed his Second Amended Complaint. ECF No. 37. On February 20, 2024, Defendant filed a letter requesting a pre-motion conference letter in connection with its anticipated second motion to dismiss the Second Amended Complaint and the Court granted leave to file the motion. ECF Nos. 38, 39. On April 8, 2024, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint. ECF No. 41. Plaintiff filed an Opposition to Defendant's motion to dismiss (as well as a motion to dismiss Defendant's argument without leave of Court) on May 29, 2024, and Defendant filed a Reply to Plaintiff's Opposition on June 5, 2024. ECF Nos. 45–47.

## STANDARD OF REVIEW

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotations omitted). In particular, "the pleadings of a *pro se* plaintiff . . . should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that a *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).

New York law sets a three-year time bar for personal injury claims running "from the date of discovery of the injury or from the date when through the exercise of reasonable diligence such injury should have been discovered." *Vuksanovich v. Airbus Americas, Inc.*, 608 F. Supp. 3d 92, 103–04 (S.D.N.Y. 2022); N.Y. C.P.L.R. § 214(5); *see also* N.Y. C.P.L.R. § 214-c(2). The date of discovery in such actions is the date on which "plaintiff first noticed symptoms, rather than when a physician first diagnosed those symptoms." *Galletta v. Stryker Corp.*, 283 F. Supp. 2d 914, 917 (S.D.N.Y. 2003).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on" a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "if the defense appears on the face of the complaint." *Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 132 (2d Cir. 2021). A court may also review whether equitable tolling may be applied where the factual basis for such is

4

apparent from the face of the complaint and other documents properly considered on a motion to dismiss.  *See DeSuze v. Ammon*, 990 F.3d 264, 271–72 (2d Cir. 2021); *Koch v. Christie's Intern. PLC*, 699 F.3d 141, 156–57 (2d Cir. 2012).

## DISCUSSION

Like the prior iterations of his complaint, Plaintiff's Second Amended Complaint is liberally construed as a strict products liability claim against Defendant based upon its failure to adequately warn of the adverse effects—weight gain and gynecomastia—that Plaintiff experienced.  To bring forth such a claim, Plaintiff must show that "the drug caused [his] injury and that the manufacturer breached a duty to warn of the possibility that the injurious reaction might occur." *Lindsay v. Ortho Pharm Co.*, 637 F.2d 87, 90–91 (2d Cir. 1980).  Here, the Second Amended Complaint alleges that Plaintiff took Risperidone sometime around 2009, which caused him to suffer weight gain and gynecomastia.  However, the Amended Complaint alleges no facts suggesting that Defendant breached its duty to warn, that the drug Plaintiff took was defective, or that Defendant was negligent.  The products liability claim is therefore dismissed.

Plaintiff's claims are also time-barred under N.Y. C.P.L.R. §§ 214(5), 214-c(2).  Plaintiff attempts to overcome the statute of limitations by arguing that he was not diagnosed with gynecomastia until 2018 as evidenced by a physician's letter dated February 24, 2018.  Assuming *arguendo* that this was the first time Plaintiff learned he was diagnosed with gynecomastia, Plaintiff needed to file the present action on February 24, 2021, about six months before his initial August 27, 2021 filing.[2]

---

[2] Plaintiff also alleges that a statute of repose like those enacted in other states should be tacked on to the statute of limitations for products liability claims.  ECF No. 46 at 4–5.  However, there is no applicable statute of repose in New York and Plaintiff has raised no choice-of-law issues, so the Court shall not apply another state's statute of

5

Last, Plaintiff's motion to dismiss Defendant's argument in its motion to dismiss is vague and lacks any explanation or supporting documents. The motion was also filed without leave of Court. Moreover, it is rendered moot by the Court's Order granting Defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's motion is **GRANTED** without prejudice and Plaintiff's motion is **DENIED**. Because Plaintiff raises two new, additional allegations in his Opposition, Plaintiff is **GRANTED** a final opportunity to amend his Second Amended Complaint to cure any deficiencies. Plaintiff may file a Third Amended Complaint containing every claim that he believes in good faith is not barred by the Court's conclusions in this Order and Opinion. The Third Amended Complaint must be filed within thirty (30) days of the issuance of this Order. If Plaintiff fails to timely file a Third Amended Complaint, the dismissed claims will be dismissed with prejudice.

**SO ORDERED.**

**Dated: December 20, 2024**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

---

repose in this case. *See Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 423 (S.D.N.Y. 2013) ("No statute of repose exists for product liability claims under New York law.")