UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMIAN FRANCIS,

                          Plaintiff,          22-cv-03812 (ALC)

   -against-

                                                    **OPINION & ORDER**

JOHNSON & JOHNSON,

                          Defendant.

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Damian Francis brings this products liability action *pro se* against Defendant Johnson & Johnson alleging that Plaintiff's use of Defendant's drug Risperidone injuriously caused Plaintiff to experience weight gain and develop gynecomastia. ECF No. 54 (specifying Defendant's Risperidone as the medication Plaintiff used). Defendant now moves for dismissal of Plaintiff's Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and on the grounds that Plaintiff's claims are time-barred under New York law. ECF Nos. 58, 61. After careful review, Defendant's motion, ECF No. 58, is **GRANTED** with prejudice.

## BACKGROUND

### I. Factual Background

Plaintiff's Third Amended Complaint states that Plaintiff took Risperidone sometime around 2009. *Id* at 5. Plaintiff contends that he experienced weight gain and gynecomastia caused by Plaintiff's use of the medication. *Id*. Plaintiff also references surgery and therapy treatment in connection with the action but does not specify when or whether Plaintiff received any treatments. *Id* at 6. Plaintiff also contends that Defendant "aggressively marketed" Risperdal by "not stating

1

certain… side effects on the bottle"; by failing to warn of the risk of gynecomastia; by promoting Risperdal for use in children without FDA approval; and by promoting Risperdal for older patients while downplaying specific risks to the elderly. *Id.* at 11.

## II. Procedural History

Plaintiff initiated this diversity action on August 27, 2021 by filing a summons with notice in the Supreme Court of Bronx County. *See Francis v. Johnson & Johnson*, Index No. 4162-2021 (Sup. Ct. Bronx Cnty.); ECF No. 3. On May 10, 2022, Defendant subsequently removed the action to federal court pursuant to 28 U.S.C. § 1441. ECF No. 3. On May 11, 2022, Defendant filed a letter requesting a pre-motion conference letter in connection with its first anticipated motion to dismiss and the Court granted leave to file the motion. ECF Nos. 4, 14. At the December 20, 2022 conference, Plaintiff was ordered to file an Amended Complaint. ECF Nos. 15–16. On April 30, 2023, Plaintiff filed an Amended Complaint. ECF No. 24. On June 16, 2023, Defendant moved to dismiss the Amended Complaint as time-barred and for failure to state a claim. ECF No. 29. On October 6, 2023, Plaintiff filed an Opposition to Defendant's motion to dismiss. ECF No. 33. On October 20, 2023, Defendant filed a Reply to Plaintiff's Opposition. ECF No. 35. On December 28, 2023, the Court dismissed Plaintiff's Amended Complaint without prejudice and granted him leave to file a Second Amended Complaint on or before January 28, 2024. ECF No. 36.

On February 5, 2024, Plaintiff filed his Second Amended Complaint. ECF No. 37. On February 20, 2024, Defendant filed a letter requesting a pre-motion conference letter in connection with its anticipated second motion to dismiss the Second Amended Complaint and the Court granted leave to file the motion. ECF Nos. 38, 39. On April 8, 2024, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint. ECF No. 41. Plaintiff filed an Opposition to

Defendant's motion to dismiss (as well as a motion to dismiss Defendant's argument without leave of Court) on May 29, 2024, and Defendant filed a Reply to Plaintiff's Opposition on June 5, 2024. ECF Nos. 45–47. On December 20, 2024, the Court dismissed Plaintiff's Second Amended Complaint. ECF No. 48. The Court granted leave to amend one last time.

On March 21, 2025, Plaintiff filed his Third Amended Complaint. ECF No. 54. On April 4, 2025, Defendant filed a letter requesting a pre-motion conference letter in connection with an anticipated third motion to dismiss the Third Amended Complaint and the Court granted leave to file the motion. ECF Nos. 55, 56. On May 13, 2025, Defendant filed a motion to dismiss Plaintiff's Third Amended Complaint. ECF No. 58. On May 27, 2025, Plaintiff filed a document, entitled "Amended Complaint," seeming to oppose the motion to dismiss, and the Defendant filed a Reply on June 3, 2025. ECF Nos. 60, 61. On June 9, 2025, the Court issued an Order to Show Cause "why the Court should not treat the document entitled Amended Complaint filed at ECF No. 60 as Plaintiff's Opposition to Defendant's Motion to Dismiss the Third Amended Complaint." ECF No. 62. In response, on June 30, 2025, Plaintiff filed an Opposition. ECF No. 64.

## STANDARD OF REVIEW

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiffs' favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the

3

elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotations omitted). In particular, "the pleadings of a *pro se* plaintiff . . . should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that a *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).

New York law sets a three-year time bar for personal injury claims running "from the date of discovery of the injury or from the date when through the exercise of reasonable diligence such injury should have been discovered." *Vuksanovich v. Airbus Americas, Inc.*, 608 F. Supp. 3d 92, 103–04 (S.D.N.Y. 2022); N.Y. C.P.L.R. § 214(5); *see also* N.Y. C.P.L.R. § 214-c(2). The date of discovery in such actions is the date on which "plaintiff first noticed symptoms, rather than when a physician first diagnosed those symptoms." *Galletta v. Stryker Corp.*, 283 F. Supp. 2d 914, 917 (S.D.N.Y. 2003).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on" a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "if the defense appears on the face of the complaint." *Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 132 (2d Cir. 2021). A court may also review whether equitable tolling may be applied where the factual basis for such is apparent from the face of the complaint and other documents properly considered on a motion to dismiss. *See DeSuze v. Ammon*, 990 F.3d 264, 271–72 (2d Cir. 2021); *Koch v. Christie's Intern. PLC*, 699 F.3d 141, 156–57 (2d Cir. 2012).

## DISCUSSION

Like the prior iterations of his complaint, Plaintiff's Third Amended Complaint is liberally construed as a strict products liability claim against Defendant based upon its failure to adequately warn of the adverse effects—weight gain and gynecomastia—that Plaintiff experienced. To bring forth such a claim, Plaintiff "must demonstrate (1) that the warning was inadequate and (2) that the failure to adequately warn of the dangers of the drug was a proximate cause of his or her injuries." *Frei v. Taro Pharms. U.S.A., Inc.*, 443 F. Supp. 3d 456 (S.D.N.Y. 2020) (internal citations omitted). Here, the Third Amended Complaint alleges that Plaintiff took Risperidone sometime around 2009, which caused him to suffer weight gain and gynecomastia.

Plaintiff alleges that J&J "failed to warn of the risk of gynecomastia (male breast growth) associated with Risperdal." ECF No. 54 at 11. However, Plaintiff does not set forth non-conclusory allegations plausibly suggesting a failure to warn. See *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 400 (E.D.N.Y. 2018) ("Plaintiff must provide non-conclusory allegations as to why he believes Defendants failed to provide warnings to his physicians."). As Defendant points out, even if this Court were to take Plaintiff's allegation of a failure to warn of gynecomastia literally, this is not true

5

given that the Risperdal label warned of the potential for gynecomastia at least as early as 2006.[1] Plaintiff does not allege facts that the specific language of the warning was inadequate. Additionally, the Third Amended Complaint alleges no facts suggesting that the drug Plaintiff took was defective, or that Defendant was negligent. The products liability claim is therefore dismissed.

Plaintiff's claims are also time-barred under N.Y. C.P.L.R. §§ 214(5), 214-c(2). Plaintiff attempts to overcome the statute of limitations by arguing that he was not diagnosed with gynecomastia until 2018 as evidenced by a physician's letter dated February 24, 2018. Assuming *arguendo* that this was the first time Plaintiff learned he was diagnosed with gynecomastia, Plaintiff needed to file the present action on February 24, 2021, about six months before his initial August 27, 2021 filing.[2]

## CONCLUSION

The Court gave Plaintiff three opportunities to amend his complaint. See ECF Nos. 24, 48, 54. Plaintiff continues to fail to state a claim. He doesn't allege any facts to show the mesdication he took was defective. He also doesn't allege Defendant was negligent nor that the warning label was inadequate. Moreover, no amendment of Plaintiff's complaint can cure the statute of limitations issues under N.Y. C.P.L.R. §§ 214(5), 214-c(2). For the foregoing reasons, Defendant's motion is **GRANTED** with prejudice.

---

[1] The Court finds that the Risperdal labels cited by Defendant "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Trisvan* at 400 (finding that the manufacturers of Risperdal offered FDA-approved labels as evidence of warnings provided to physicians contemporaneous with or predating the plaintiff's 2001 alleged injuries and collecting cases where Courts took judicial notice of similar labels). Therefore, this Court takes Judicial Notice of the facts included in Footnote 2 of Defendant's Motion to Dismiss the Third Amended Complaint. ECF No. 58 at 7.

[2] Plaintiff also alleges that a statute of repose like those enacted in other states should be tacked on to the statute of limitations for products liability claims. ECF No. 46 at 4–5. However, there is no applicable statute of repose in New York and Plaintiff has raised no choice-of-law issues, so the Court shall not apply another state's statute of repose in this case. *See Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 423 (S.D.N.Y. 2013) ("No statute of repose exists for product liability claims under New York law.")

**SO ORDERED.**

**Dated: November 24, 2025**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**